Hess HOWELL, Appellant,

v.

H. H. DRAKE TRUCKING COMPANY, Inc., et al., Appellees.

No. 19263.

United States Court of Appeals Eighth Circuit.

Dec. 3, 1968.

William H. Arnold, Arkadelphia, Ark., for appellant.

Stephen A. Matthews of Bridges, Young, Matthews & Davis, Pine Bluff, Ark., for appellees.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and HEANEY, Circuit Judges.

PER CURIAM.

This appeal is from a judgment entered following a jury verdict for defendants-appellees H. H. Drake Trucking Company, Inc. and August Wall in an action brought by plaintiff-appellant

Hess Howell to recover damages for personal injuries and property damage resulting from a collision involving Howell's pickup truck and Drake's truck and refrigerated trailer in the city limits of Gurdon, Arkansas on November 2, 1966.

The sole issue for determination here is the sufficiency of the evidence to support the jury verdict. Our complete canvass of the record testimony discloses ample evidence to support the jury's verdict as will hereafter be recited. We affirm the judgment of the district court.

■ This is a diversity case and the substantive law of Arkansas controls.

On the morning of November 2, 1966, Drake's truck was being operated by its employee August Wall through Gurdon at approximately thirty-five miles per hour when plaintiff Howell drove his pickup truck onto the highway in front of the Drake truck, proceeding in the same direction. Howell operated a Dairy Queen and a garage and filling station, both located on Highway 67 and some few hundred yards apart. After following the plaintiff's pickup truck for a distance, Wall, according to his testimony, decided to pass Howell's pickup truck and was proceeding into the left lane for that purpose. Wall sounded his horn after having turned on the left directional light to disclose his intention to anyone approaching from the rear. Both Wall and Glenn Shaffer, who occupied the cab of the Drake truck, testified that as they were passing plaintiff at a point approximately across the highway from his garage, plaintiff pulled slightly off the right-hand side of the highway and then without any signal whatsoever turned to the left directly in front of the Drake truck, making the collision imminent. The right portion of the Drake truck struck the pickup truck on the left front door causing its damage and the injuries to plaintiff Howell. Defense witness Shaffer additionally testified that it was a cold morning and the left window of the pickup truck was frosted over. When he alighted he could not see Howell through the window but saw him only after he had opened the door of Howell's truck. Both of these eyewitnesses were positive in their testimony that the accident occurred by reason of plaintiff Howell's driving his pickup truck sharply to the left without any warning or signal whatsoever.

■ The testimony of the defense witnesses was controverted by testimony of the plaintiff and his witnesses. The issue, therefore, is wholly a factual one and the Arkansas Supreme Court has long held that in such cases a jury verdict will not be reversed if there is substantial evidence in support thereof.

In a recent case decided September 3, 1968, the Supreme Court of Arkansas in Home Mut. Fire Ins. Co. v. Cartmell, 245 Ark. 44, 430 S.W.2d 849, 852 (1968), stated:

"This court will not reverse the verdict of a jury as to factual issues if the jury could have found as it did, from the evidence presented. (Citing cases.)"

■ A more complete statement of the long-accepted Arkansas rule is found in Busby v. Willform, 241 Ark. 19, 22, 406 S.W.2d 131, 134 (1966), wherein the rule is stated in the following language:

"The governing rule (from which there has been no deviation) was succinctly stated in Baldwin v. Wingfield, 191 Ark. 129, 85 S.W.2d 689:

" 'Under our system of jurisprudence it is the province of the jury to pass upon the facts. It is not only their privilege, but their right, to judge of the sufficiency of the evidence introduced, to establish any one or more facts in the case on trial. The credibility of the witnesses, the strength of their testimony, its tendency, and the proper weight to be given it are matters peculiarly within their province. The law has constituted them the proper tribunal for the determination of such questions. To take from them this right is but usurping a power not given. * * * When there is a total defect of evidence as to any essential

fact, or a spark,—a "scintilla," as it is termed,—the case should be withdrawn from the consideration of the jury.' * * * The settled rule is that if there is any substantial evidence to support the verdict of a jury, this court cannot disturb it, although we might think that it was clearly against the preponderance of the evidence, and, if we had to decide the facts, would decide differently."

The jury might well have believed plaintiff's witnesses and returned a verdict awarding damages, but since it opted to believe the testimony of the defendants' witnesses which absolved the defendants of negligence, we as a reviewing court are without authority to disturb the jury's fact finding.

The sufficiency of the evidence to support the verdict is the lone issue here and since we find from a canvass of the record that ample evidence was present to support the verdict, the judgment based thereon is affirmed.